FILED

2008 Feb-26  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JACQUELINE BASH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | **2:07-CV-01002-VEH** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Jacqueline Bash (hereinafter "Ms. Bash") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.  She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), which denied her application for Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits (hereinafter "DBI").[1]  Ms. Bash timely pursued and exhausted her administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.

---

[1]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

## FACTS AND PROCEDURAL HISTORY

Ms. Bash was a 36-year-old female at the time of her hearing before the Administrative Law Judge (hereinafter "ALJ"). (Tr. 20, 237). She has an education beyond high school. (Tr. 20, 237). Her past work experiences include work as a systems administrator, packer, warehouse worker, clothing inspector, line worker, security screener, and cashier. (Tr. 20, 43-44). Ms. Bash claims disability due to chronic daily occipito-cervical headaches and neck pain stemming from injuries to her lower back, neck, and shoulder, bone spurs in her neck, and bulging discs at C5-C6 and L4-L5. (Tr. 20). These injuries were sustained in a workplace accident on August 3, 1999, which is also the date her last period of work ended. (Tr. 43). Ms. Bash had previously filed for benefits on November 7, 2001, and her claim was denied in a separate prior action. (Tr. 19).

Ms. Bash filed an application for a period of disability and DIB on March 16, 2004. (Tr. 36-38). She also filed an application for Title XVI SSI on March 16, 2004, with the protective filing date being February 6, 2004. (Tr. 228-31, 2). Her claim was denied on May 5, 2004. (Tr. 31-33). A request for a hearing by an ALJ was filed on June 2, 2004. (Tr. 34). The hearing took place on February 28, 2006. (Tr. 19). The ALJ determined that Ms. Bash was not disabled and denied her claim on June 19, 2006. (Tr. 19-23). Ms. Bash made a request for a review of the ALJ's

decision to the appeals council on July 7, 2006.  (Tr. 14).  The request for review was denied on March 31, 2007.  (Tr. 3).

Ms. Bash filed a complaint on May 30, 2007, asking this court to review the decision of the ALJ.  (Doc. 1).  This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW[2]

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales,* 402 U.S. 389, 390, 41, 91 S. Ct. 1420, 1421, 1432, 28 L. Ed 2d 842 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support

---

[2]In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI).  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

a conclusion." *Id.*  Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3]  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

4

(1)    whether the claimant is currently employed;

(2)    whether the claimant has severe impairment;

(3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;

(4)    whether the claimant can perform her past work; and

(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 51 (7th Cir.

1999); *accord*, *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the

claimant has satisfied steps one and two, she will automatically be found disabled if

she suffers from a listed impairment.  If the claimant does not have a listed

impairment but cannot perform her work, the burden shifts to the Secretary to show

that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote*

*v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further

show that such work exists in the national economy.  *Id.*

### FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Ms. Bash had not engaged in substantial gainful activity

since the amended alleged onset of her disability on January 9, 2004.[4]  (Tr. 19, 22).

He also found that Ms. Bash's chronic occipital headaches and minimal disc bulges

---

[4]Bash originally filed for disability and was denied benefits on November 7, 2001. However, she has not worked since the accident in 1999.  (Tr. 236, 238).

at C3-C4, C5-C6, and L4-L5 with no root compression were "severe" impairments, based upon the requirements in Regulations 20 C.F.R. § 404.1520(c) and § 416.920(c). (Tr. 22). The ALJ then found that Ms. Bash's medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 of the Social Security Regulations, 20 C.F.R. Part 404. (Tr. 22).

The ALJ concluded that Ms. Bash retained the residual functional capacity to perform medium exertional work activity, limited to frequent postural activities, and that her symptoms of discomfort cause mild limitations in her attention, concentration, understanding, and memory. (Tr. 22). In making this determination, the ALJ relied on testimony of a vocational expert, who testified that a person with Ms. Bash's residual functional capacity would be able to return to her past relevant work. (Tr. 22).

The ALJ concluded that Ms. Bash was not disabled, as defined by the Social Security Act and Regulations promulgated thereunder, 20 C.F.R. §§ 404.1504(a), 404.1520(a)(4), and therefore not entitled to receive DIB under §§ 216(i) and 223(d) of the Social Security Act or SSI payments under § 1614(a)(3)(A) of the Social Security Act.

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5] Ms. Bash asserts that "substantial evidence does not support the decision denying disability benefits, and improper legal standards were applied." (Doc. 9 at 3). In its review, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standard.

## I.   THE ALJ'S CONCLUSION THAT MS. BASH IS NOT DISABLED IS SUPPORTED BY SUBSTANTIAL EVIDENCE.

Ms. Bash asserts that the ALJ's findings are not supported by substantial evidence because (1) the ALJ failed to give proper weight to her treating physicians and (2) the ALJ's assessed residual functional capacity is baseless. (Doc. 9 at 6, 9).

### A.   The ALJ gave proper weight to Ms. Bash's treating physicians and other medical providers.

The Eleventh Circuit has held that opinion of a claimant's treating physician

---

[5]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

is to be given substantial weight "unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir 1997)). "When electing to disregard the opinion of the treating physician, the ALJ must clearly articulate [his] reasons." *Phillips*, 357 F.3d at 1241. Medical opinions are contemplated to come primarily from physicians or from "other acceptable medical sources." 20 C.F.R. § 404.1527(a)(2). Such opinions may be used to establish whether the claimant has a medically determinable impairment. 20 C.F.R. § 404.1513(a). Evidence may also be used from other sources, such as nurse practitioners and physicians' assistants, for the purpose of establishing the severity of the impairment. *See* 20 C.F.R. § 404.1513(d).

The ALJ considered the statements of Dr. Comer regarding Ms. Bash's inability to work due to headache, neck pain, and back pain on forms determining eligibility for the state food stamp program. (Tr. 21; *see also* 203, 206, 207). The ALJ noted that, although these forms stated that Ms. Bash could not work at the time, Dr. Comer expected her condition to improve to a point where she could resume work within 2 months. (Tr. 21). The ALJ also noted that the form is merely fill-in-the-blank and that Dr. Comer makes no objective medical findings to support the opinion of disability. (Tr. 21).

Ms. Bash also contests the disregard given by the ALJ to a similar food stamp

8

form filled out by Mr. Dale, a physicians' assistant. (Doc. 9 at 7). In discounting Mr. Dale's opinion, the ALJ notes that Mr. Dale is not a licensed physician and that there are no records of treatment from him. (Tr. 21). In addition, the ALJ states that Mr. Dale's opinion is not supported by the record; instead, it appears merely to be based on the reports of Ms. Bash. (Tr. 21). The fact that Mr. Dale is not a licensed physician keeps his medical opinion from reaching the level of an "acceptable medical source" under 20 C.F.R. § 404.1513(a); thus, while it may not be used for purposes of establishing a medically determinable impairment, it may establish the severity of the impairment instead of the actual presence of a medically determinable impairment. Therefore, the ALJ's treatment of Mr. Dale's opinion is not grounds for a remand.

Ms. Bash further contends that, because the report of Dr. Ulmer is not specifically cited by name, the ALJ also improperly disregarded the opinion of Dr. Ulmer.[6] (Doc. 9 at 7). The Eleventh Circuit has held that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" is not a broad rejection of the medical evidence of the

---

[6]Of note is the fact that the only medical professionals mentioned by name in the ALJ's opinion were Dr. Comer and Mr. Dale for the reason of articulating why the ALJ refused to follow their findings. (Tr. 21). Based on this pattern, it can be said that the fact that Dr. Ulmer was not mentioned by name, as well as the ALJ's express citation to Dr. Ulmer's report, discussed further *infra*, supports the court's conclusion that the ALJ properly considered Dr. Ulmer's report..

claimant's condition and is still supported by substantial evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing *Foote*, 67 F.3d at 1561, 1558).  The mere fact that Dr. Ulmer was not mentioned by name within the ALJ's opinion does not mean that Dr. Ulmer's findings were completely ignored.  Instead, to the contrary, Exhibit B-4F (Tr 184-199), which contains Dr. Ulmer's medical opinion, is cited by the ALJ for the purposes of finding that Ms. Bash's symptoms have not worsened since 1999, that she has received only intermittent treatment, that the medical findings in general are minimal, and that no final diagnosis was ever made as to the cause of the pain.  (Tr. 21).

### B.    The ALJ's Assessed Residual Functional Capacity is not Baseless.

When a claimant's condition does not meet or exceed a listed impairment, the ALJ makes a finding of the claimant's residual functional capacity "based on all the relevant medical and *other* evidence in [the] case record."  20 C.F.R. § 404.1520(e) (emphasis added).  Other evidence is considered to be that which may "suggest a greater severity of impairment than can be shown by objective medical evidence alone."  20 C.F.R. § 404.1529(c)(3).  This evidence includes statements about "intensity, persistence, and limiting effects" of the claimant's symptoms; however, such statements as to "alleged functional limitations" will only be accepted to the

extent that they are "reasonably... consistent with the objective medical evidence and other evidence."  20 C.F.R. § 404.1529(c)(4).  This residual functional capacity is to be compared with the "physical and mental demands" of the claimant's past relevant work and, if the claimant can still perform past relevant work, the ALJ finds that he or she is not disabled.  20 C.F.R. § 404.1520(f).

Bash merely alleges that there is nothing in the record upon which the ALJ can base his conclusions as to the residual functional capacity "without the opinion of any of the above named physicians."  (Doc. 9 at 9).  However, as held in the previous section, the ALJ did cite the report and findings of Dr. Ulmer in making his findings. (Tr. 21).  The ALJ also found that "[t]he claimant alleges constant pain at an intense level that is unrelieved by all treatments, yet her *treating and examining physicians* note only minimal findings and cannot determine a diagnostic cause."  (Tr. 21-22) (emphasis added).  This not only shows that the ALJ did rely on physician's findings, but it also establishes one of the inconsistencies which served as the basis for the ALJ's finding of Bash's residual functional capacity.

The record showed that the injuries were caused by a forklift running into Bash, but she testified that a "tow motor" fell on her at one point and also stated that a forklift "fell on her."  (Tr. 21, 238, 43).  The ALJ found that the evidence presented no support for Bash's symptoms of nausea, nosebleeds, and dizziness/loss of balance.

11

(Tr. 22).  The ALJ also found no indication that Bash requires regular treatment.  (Tr. 22).  Thus, the ALJ concluded that, "[w]hile the claimant's severe impairments can be expected to cause some pain and limitations, the claimant's allegations are not credible to the degree stated," and he stated that "little weight [should be] given to the claimant's reports... that she is incapable of performing self care and attending to any household tasks without considerable assistance."  (Tr. 22).  Based on these findings, the ALJ properly established a residual functional capacity to perform medium exertional work activity, limited to frequent postural activities, with mild limitations in her attention, concentration, understanding, and memory.  (Tr. 22).

The ALJ took testimony from a vocational expert, and presented a hypothetical of a person with his assessed residual functional capacity of Bash.  (Tr. 22, 244-45).  The vocational expert testified that work would be available for someone with Bash's assessed residual functional capacity.  (Tr. 22, 244-45).  The reliance of the ALJ on this testimony and the reports of physicians, such as Dr. Ulmer, in assessing Bash's residual functional capacity shows that the ALJ did not "substitute his own judgment for that of medical and vocational experts" as alleged by Bash.  (*See* Doc. 9 at 9). Therefore, this court finds that the ALJ's assessed residual functional capacity was based on substantial evidence in the record and testimony and, thus, was not baseless.

## II.   THE ALJ APPLIED THE CORRECT LEGAL STANDARD IN CONCLUDING THAT MS. BASH IS NOT DISABLED.

Bash finally alleges that, by failing to properly apply the Eleventh Circuit's three-part pain standard, the ALJ failed to apply the correct legal standard in evaluating her claim.

In determining whether to credit a claimant's subjective testimony of pain or other symptoms, the pain standard requires

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  A claimant's statements about pain or other symptoms do not alone establish disability.  *See* 20 C.F.R. §§ 404.1529(a), 416.929(a).  Instead, medical signs and laboratory findings must depict medical impairments that could reasonably be expected to produce the alleged symptoms.  *See id;* s*ee also Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (citing *Landry*, 782 F.2d 1551).  When an impairment that could reasonably be expected to produce the symptom(s) alleged has been shown, the intensity and persistence of the symptom(s), such as pain, will be evaluated based on all the evidence.  *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

13

The ALJ concluded that the objective medical evidence and records "fail[ed] to substantiate the extent, intensity, and frequency of [Bash's] reported" pain, and found that Ms. Bash's statements about the degree of her pain were "not credible to the degree stated." (Tr. 21). The ALJ noted the testimony of Bash that the severity of her pain was nine on a scale of one to ten. (Tr. 242). However, the ALJ also took into account the level of pain recorded on the reports of Dr. Comer and Mr. Dale.[7] (Tr. 21). The ALJ pointed out that Ms. Bash reported a pain level of two on Mr. Dale's report (May 2005) and a pain level of five on Dr. Comer's report (July 2004).[8] (Tr. 21, 202, 205). Thus, the ALJ concluded that these inconsistent pain levels did not support Ms. Bash's assertion of "constant pain at an intense level that is unrelieved by all treatments." (Tr. 21).

Bash contends that the medical records provided show that she suffers from a medical condition that "is of such severity that it can reasonably be expected to cause the alleged pain" and that, if the ALJ had properly considered all medical evidence, "he would have found plaintiff disabled *based upon her pain complaints alone*."

---

[7]Although the ALJ had previously refused to follow these reports, this denial was for the purpose of establishing a medical impairment. (Tr. 21). These medical opinions can still be used for determining the severity of the impairment; in this case, pain. *See* 20 C.F.R. § 404.1513(d).

[8]Ms. Bash is correct in asserting within her brief that the Cooper Green Mercy Hospital did use pain ratings on a one to five scale. (Doc. 9 at 7). However, even using this scale, the reported pain ratings of 2 and 5 would equate to a 4 and 10 on a one to ten scale, which supports the ALJ's finding that Ms. Bash did not suffer from a <u>constant</u> level of pain.

14

(Doc. 9 at 6) (emphasis added).  As stated in the Regulations, "[S]tatements about [claimant's] pain or  other symptoms will not alone establish that [the claimant is] disabled." 20 C.F.R. § 404.1529(a).  The ALJ noted that there was indeed evidence of impairments that could "be expected to cause some pain and limitations." (Tr. 22). However, the ALJ found there was no credibility to the degree of pain asserted by Ms. Bash. The failure of the medical evidence to establish a condition that could reasonably give rise to the level of pain described by Bash keeps Bash from meeting the second and third requirement of the pain standard. Thus, this court concludes that the Eleventh Circuit pain standard was properly applied by the ALJ.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and the Commissioner applied the proper legal standard.  Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 26th day of February, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16